# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RICHARD L. ARP, | * |
| | *  No. _____ |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| CAPSTAR BANK, | * |
| | * |
| Defendant. | * |

## COMPLAINT

Comes Plaintiff Richard L. Arp, by and through his attorneys, and asserts this as his Complaint against CapStar Bank, as follows:

**I.  THE PARTIES**

1. Plaintiff is a citizen and resident of the State of Tennessee. He currently resides in Loudon, Tennessee. However, at all times material, he worked for CapStar Bank in Athens, McMinn County, Tennessee.

2. CapStar Bank (hereinafter Defendant) is a banking corporation organized under the laws of the State of Tennessee. Although it was organized in Davidson County, Tennessee, which is also the location of its corporate headquarters at this time, it acquired Athens Federal Community Bank several years ago. It now operates a significant banking business in East Tennessee. At all times material, the deposits held by Defendant were and still are insured by the Federal Deposit Insurance Corporation. Defendant is a wholly owned subsidiary of CapStar Financial Holdings, Inc. The shares of that corporation are publicly traded under the symbol CSTR, and it is subject to regulation by the United States Securities and Exchange Commission as well as state and federal bank regulators.

3. At all times material, Defendant was subject to the minimum wage and maximum hours provisions of the Fair Labor Standards Act.

4. Plaintiff was employed by Defendant since 2014, and he performed most of his work in and from Defendant's offices in Athens, Tennessee. During his employment by Defendant, he typically worked more than 40 hours every week. He frequently worked from his automobile on the way to his home after normal business hours, and his work activities continued into the evening while he was at home. However, he was not properly compensated for his overtime work as required by the Fair Labor Standards Act. This case is brought to recover unpaid overtime compensation, liquidated damages, and all costs and expenses of bringing this action, including attorney's fees.

## II. JURISDICTION

5. This is an action to redress violations of the FLSA, as amended. Jurisdiction over this lawsuit exists without regard to the citizenship of the parties or the amount in controversy pursuant to 29 U.S. C. § 216(b) and 28 U.S.C. §§ 1331 and -1337.

## III. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

6. Defendant is in the banking business. It carries out that business by collecting deposits and other sources of revenue and then lending out those funds to individuals and businesses. It earns profits by collecting the amounts lent to customers, together with the interest and fees charged to those customers.

7. Plaintiff's primary duty was collecting debts owed to Defendant by customers who were delinquent in paying their loan debts to Defendant. He performed this duty by, inter alia, making contact with customers whose loan payments were overdue. He was told by Tim Schools, Bank President, that a collector, such as Plaintiff, could make as many as 125 calls each

day in addition to his other debt collection duties. Plaintiff's immediate supervisor, Sonja Phillips, told Plaintiff he should make at least 85 calls each day in addition to his other debt collection duties. Although the bank employees who initiated the loans were responsible for following up with payment performance by the customers, at some point delinquent loans were turned over to Plaintiff to engage in collection activities. Plaintiff was the only employee tasked with the duties of a collector. He supervised no other employees as he engaged in the Defendant's primary business of collecting loan payments, fees, and interest, all as instructed by his supervisors.

8. Defendant unlawfully did not create or maintain contemporaneous records of the hours worked by Plaintiff.

9. Defendant paid Plaintiff a salary for all hours worked. However, Plaintiff was not compensated for hours worked in excess of 40 hours, even though Defendant was aware that Plaintiff worked such overtime hours, as was required of him.

10. Defendant was aware of the overtime requirements of the Fair Labor Standards Act. It rejected Plaintiff's requests for the Defendant to hire employees to assist him, but it still did not compensate Plaintiff for overtime hours.

11. Defendant's actions were willful.

12. Shortly before the filing of this Complaint, Defendant and/or its parent organization described above, entered into a merger agreement with Old National Bank, pursuant to which agreement Old National Bank will be the surviving entity. This Agreement is subject to shareholder and regulatory approval. If this transaction is approved by shareholders and regulators, Old National Bank will be responsible for the remedies sought herein as a successor

employer. Plaintiff reserves the right to add this entity as a Defendant in the event the merger agreement becomes effective following shareholder and regulatory approval.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue process to be served on Defendant, requiring it to answer in the time permitted by law; and

b. That upon the hearing of this cause, Plaintiff, be awarded backpay for the overtime pay wrongfully withheld, an equal amount of liquidated damages, penalties and interest as permitted by applicable law, prejudgment interest, attorneys' fees, and all other damages and relief allowed by law.

BURNETTE, DOBSON & PINCHAK

By: s/ *Frank P. Pinchak*
Frank P. Pinchak, BPR#2094
Robert Norton, BPR # pending
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121
fpinchak@bdplawfirm.com
rnorton@bdplawfirm.com